UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN–SOUTHERN DIVISION

CYNTHIA ARCHER-GIFT,
Individually and on behalf of others similarly situated,
    Plaintiff,

 -vs-                                    Case No.
                                         Hon.
                                         **CLASS ACTION COMPLAINT**

CITIGROUP, INC.,
THE HOME DEPOT, INC., and
SEARS, ROEBUCK AND CO.
    Defendants.

## CLASS COMPLAINT & JURY DEMAND

*Plaintiff, Cynthia Archer-Gift, individually and on behalf of others similarly situated, states the following claims for relief:*

## Introduction

1.     This class action complaint is filed for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

## Jurisdiction

2.     This Court has jurisdiction under the ECOA, 15 U.S.C. § 1691 *et seq*, as well as under 28 U.S.C. § 1331 and § 1337.

## Venue

3.     The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

4.  Venue is proper in the Eastern District of Michigan.

## Parties

5.  The Plaintiff to this lawsuit is Cynthia Archer-Gift ("Mrs. Archer-Gift"), a natural person and resident of Wayne County, Michigan.

6.  The Defendants to this lawsuit are:

    a.  Citigroup, Inc. ("Citigroup"), a foreign corporation doing business in Michigan that is a creditor for purposes of the ECOA;

    b.  The Home Depot, Inc. ("Home Depot"), a foreign corporation doing business in Michigan that is a creditor for purposes of the ECOA; and

    c.  Sears, Roebuck and Co. ("Sears"), a foreign corporation doing business in Michigan that is a creditor for purposes of the ECOA.

## Factual Allegations as to the Home Depot/Citigroup Denial

7.  Mrs. Archer-Gift incorporates the proceeding allegations by reference.

8.  On or about February 11, 2014, Mrs. Archer-Gift went to Home Depot for the purpose of purchasing a washing machine.

9.  At that time, Mrs. Archer-Gift completed a credit application for a Home Depot credit account operated jointly with CitiGroup.

10. Mrs. Archer-Gift provided all required information.

11. An agent of Home Depot input Mrs. Archer-Gift's information into its system and verbally informed Mrs. Archer-Gift that she was denied credit for purchase

of the washing machine.

12. On February 24, 2014, Home Depot Credit Services sent a letter to Mrs. Archer-Gift stating that the credit center was unable to complete processing of her application, and that she would receive a written notification within 7-10 days with the results of the credit review.

13. Mrs. Archer-Gift never received that written notification, or any other correspondence from Home Depot or Citigroup regarding the denial of her credit application.

14. Both Citigroup and Home Depot participated in the credit decision as to the terms of credit which would potentially be made available to Mrs. Archer-Gift.

15. Both Citigroup and Home Depot failed to send an adverse action notice following the rejection of the application, within the time allowed by the ECOA or at all.

16. Both Citigroup and Home Depot failed to issue any adverse action notices under the ECOA.

### Factual Allegations as to the Sears/Citigroup Denial

17. Mrs. Archer-Gift incorporates the proceeding allegations by reference.

18. On July 5, 2013, Mrs. Archer-Gift went to Sears for the purpose of purchasing a stove.

19. At that time, Mrs. Archer-Gift completed a credit application for a Sears credit

card, operated jointly with Citigroup.

20. Mrs. Archer-Gift provided all required information.

21. An agent of Sears input Mrs. Archer-Gift's information into its system and verbally informed Mrs. Archer-Gift that she was denied credit for purchase of the stove.

22. Both Citigroup and Sears participated in the credit decision as to the terms of credit which would be made available to Mrs. Archer-Gift.

23. Both Citigroup and Sears failed to send an adverse action notice following the rejection of the application, within the time allowed by the ECOA or at all.

24. Both Citigroup and Sears failed to issue any adverse action notices under the ECOA.

25. Both Citigroup and Sears refused to provide Mrs. Archer-Gift with a written explanation of the reasons for denial and refused to provide a copy of the credit report which was used to deny the credit application.

## Practices and Policies of Defendants

26. Mrs. Archer-Gift incorporates the proceeding allegations by reference.

27. It is or was the practice and policy of Defendants to:

    a. Take adverse action for purpose of the ECOA as to consumers without sending appropriate notices under the ECOA.

    b. Fail to send adverse action notices when otherwise required under the

      ECOA.

  c.    Fail to maintain records of its compliance with the ECOA.

## Class Allegations

28.    Mrs. Archer-Gift incorporates the proceeding allegations by reference.

29.    Defendants failed to give adverse action notices to Mrs. Archer-Gift and the class members when so required under the ECOA.

30.    Each Defendant failed to maintain records of its compliance with the ECOA with regard to the class members.

31.    Mrs. Archer-Gift brings this action on behalf of herself and a class of all other persons similarly situated, pursuant to Fed.R.Civ.P.23.

32.    Mrs. Archer-Gift proposes to represent the following classes:

  a.    *Class 1 ECOA* – (I) All persons in the state of Michigan who applied to Home Depot for a store credit account within the preceding two years; (ii) to whom Home Depot and Citigroup did not offer credit on substantially the same terms as requested; (iii) who did not accept any offer of credit from Home Depot, and (iv) to whom Home Depot did not provide an ECOA adverse action notice.

  b.    *Class 2 ECOA* – (I) All persons in the state of Michigan who applied to Sears for a store credit account within the preceding two years; (ii) to whom Sears did not offer credit on substantially the same terms as

      requested; (iii) who did not accept any offer of credit from Sears, and (iv) to whom Sears did not provide an ECOA adverse action notice.

33. The classes of persons to be represented are so numerous that joinder of all members is impractical.

34. This complaint seeks monetary damages under Fed.R.Civ.P. 23(b)(3).

35. There are questions of law and fact common to the classes.

36. Mrs. Archer-Gift's claims are typical of the claims of all the potential class members and all are based on the same legal and remedial theories.

37. Mrs. Archer-Gift will fairly and adequately protect the interest of the classes. Specifically:

    a. Mrs. Archer-Gift has no adverse interest to the classes.

    b. Mrs. Archer-Gift has retained counsel who is experienced in handling class actions and litigation under various Federal Consumer Credit Protection Acts.

    c. Mrs. Archer-Gift has suffered similar injuries to the members of the classes she seeks to represent through this action.

    d. Neither Mrs. Archer-Gift nor her counsel have any interests which may cause them to not vigorously pursue this action.

38. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a.    The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy because no individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Defendants because the claim amounts are likely small, and involve statutory damages under the ECOA, and because management of these claims will likely present few difficulties.

39.    There is no impediment to certification of the classes to be represented.

## COUNT I – Class Claims under the Equal Credit Opportunity Act
### (All Defendants)

40.    Mrs. Archer-Gift incorporates the proceeding allegations by reference.

41.    Defendants have violated the ECOA in relation to Mrs. Archer-Gift and the class members.

42.    Defendants have inadequate policies or procedures in place to comply with the ECOA's adverse action notice requirements.

## Jury Demand

43.    Mrs. Archer-Gift demands trial by jury in this action.

## Request for Relief

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Classes, requests that this Honorable Court grant the following relief:

a.  Certify the proposed Classes.

b.  Appoint Plaintiff as representative of the Classes.

c.  Appoint the undersigned counsel as counsel for the Classes.

d.  Award Plaintiff and Classes damages, as allowed by law.

e.  Award Plaintiff and Classes attorneys' fees and costs, as allowed by law and/or equity.

f.  Grant Plaintiff leave to amend this complaint to conform to the evidence presented at trial.

g.  Any other relief as the Court deems necessary, just and proper.

                Respectfully Submitted,

                s/ Michael J. Bonvolanta
                Michael J. Bonvolanta (P-80038)
                LYNGKLIP & ASSOCIATES
                CONSUMER LAW CENTER, PLC
                Attorney for Cynthia Archer-Gift
                24500 Northwestern Highway, Ste. 206
                Southfield, MI 48075
                PHONE: (248) 208-8864
                MichaelB@MichiganConsumerLaw.Com

Dated: December 28, 2015