## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CYNTHIA ARCHER-GIFT,

      Plaintiff,

      vs.

CITIGROUP, INC., THE HOME
DEPOT, INC., and
SEARS, ROEBUCK AND CO.,

      Defendants.
_____/

Case No.  2 15-cv-14467

Hon. Avern Cohn

| | |
|---|---|
| Michael J. Bonvolanta (P80038) | KJ Miller (P62014) |
| *Attorneys for Plaintiff* | Robert Avers (P75396) |
| LYNGKLIP & ASSOCIATES | *Attorneys For Defendants Citibank,* |
| CONSUMER LAW CENTER, PLC | *N.A., The Home Depot and Sears,* |
| 24500 Northwestern Highway | *Roebuck and Co.* |
| Suite 206 | DICKINSON WRIGHT PLLC |
| Southfield, MI  48075 | 350 S. Main Street., Suite 300 |
| (248) 208-8864 | Ann Arbor, MI 48104 |
| michaelb@michiganconsumerlaw.com | (734) 623-1610 office |
| | kjmiller@dickinsonwright.com |

_____/

## DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS AND MOTION TO DISMISS

Defendants Citibank, N.A., successor in interest to Citibank (South Dakota),

N.A., erroneously named as "Citigroup, Inc.," The Home Depot Inc., and Sears,

Roebuck and Co. (collectively, "Defendants"), through their counsel, respectfully

request that this Court dismiss all of Plaintiff's claims against Defendants for the

reason that they fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and/or grant such other relief as the Court deems necessary and just.   Defendants rely on the facts and law set forth in the accompanying brief in support of this motion.

In addition, pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), 23(d)(1)(D), and 39(a)(2), Defendants move to strike Plaintiff's class allegations.

Pursuant to Local Rule 7.1(a), on March 10, 2016, Defendants' counsel sought concurrence from Plaintiff's counsel in the relief requested, but concurrence was not granted.

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/ KJ Miller_____
K. J. Miller (P62014)
*Attorneys for Defendants*
350 S. Main St. Suite 300
Ann Arbor, MI 48104
(734) 623-1610
Fax: (734) 623-1625
kjmiller@dickinsonwright.com

Date: March 10, 2016

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CYNTHIA ARCHER-GIFT,

    Plaintiff,

vs.

CITIGROUP, INC., THE HOME
DEPOT, INC., and
SEARS, ROEBUCK AND CO.,

    Defendants.

_____/

Case No.  2 15-cv-14467

Hon. Avern Cohn

| | |
|---|---|
| Michael J. Bonvolanta (P80038)<br>*Attorneys for Plaintiff*<br>LYNGKLIP & ASSOCIATES<br>CONSUMER LAW CENTER, PLC<br>24500 Northwestern Highway<br>Suite 206<br>Southfield, MI  48075<br>(248) 208-8864<br>michaelb@michiganconsumerlaw.com | KJ Miller (P62014)<br>Robert Avers (P75396))<br>*Attorneys For Defendants Citibank,*<br>*N.A., The Home Depot and Sears,*<br>*Roebuck and Co.*<br>DICKINSON WRIGHT PLLC<br>350 S. Main Street., Suite 300<br>Ann Arbor, MI 48104<br>(734) 623-1610 office<br>kjmiller@dickinsonwright.com |

_____/

## DEFENDANTS' BRIEF IN SUPPORT
## OF THEIR MOTION TO STRIKE CLASS ALLEGATIONS
## AND MOTION TO DISMISS

## **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ................................................................ v

CONTROLLING AND MOST APPROPRIATE AUTHORITY .......................... vi

INTRODUCTION ............................................................................................. 1

STANDARD OF REVIEW ................................................................................ 6

ARGUMENT .................................................................................................... 8

      I.     Plaintiff Cannot Allege Facts Sufficient To State A Claim ................ 8

      II.    Plaintiff Lacks Standing To Bring This Claim ................................... 10

      III.   The Class Allegations Must Be Stricken ........................................... 12

A.    Plaintiff's class allegation should be stricken because she is not a member of the purported Sears class and her Complaint fails to state a claim upon which relief can be granted. ...................................................... 13

B.    Plaintiff's proposed class definition requires the Court to conduct individual inquiries regarding each proposed class member in order to determine class membership. ......................................................................... 14

C.    Plaintiff's proposed class definition constitutes a "fail safe" class. ............. 16

CONCLUSION ................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. United Finance Co.*, 66 F.2d 1274, 1278 (9th Cir. 1982)................... 12

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ............................... 6

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)........................................ 6, 10, 12

*Blackburn v. Fisk Univ.*, 443 F.2d 121, 123 (6th Cir. 1971)............................. 7, 10

*Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 537 (E.D. Mich. 2015)................................................................................................................... 7, 18

*Cook County Teachers Union, Local 1600 v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972)........................................................................................................... 13

*Fieger v. Mich. Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009)....................... 11

*Fischl v. General Motors Acceptance Corp.*, 708 F.2d 143  (5th Cir. 1983); 15 U.S.C. § 1691(d)(2), (3) .................................................................................. 4

*Foundation For Interior Design Educ. Res. v. Savannah College of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001) ........................................................ 6

*G.M. Eng'rs and Assoc., Inc. v. West Bloomfield Township*, 922 F.2d 328, 330 (6th Cir. 1990) ...................................................................................... 6

*Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) ................. 2, 9

*Lindsay Transmission, LLC v. Office Depot, Inc.*, Case No. 12–cv–221, 2013 WL 275568 (E.D. Mo. Jan. 24, 2013)................................................................. 17

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) ............................... 10

*Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 771 (6th Cir. 2005).......................................................................................................... 4

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)..................... 7

*Olney v. Job.com,* Inc., Case No. 12–cv–01724, 2013 WL 5476813 (E.D. Cal. Sept. 30, 2013)................................................................. 17, 18

*Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2007) ............................... 13

*Pilgrim et al. v. Universal Health Card et al.,* 660 F.3d 943, 944 (6th Cir. 2011)................................................................................................ 8

*QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003)................................................................................................. 2, 9

*Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011)...... 16

*Sayers v. Gen. Motors Acceptance Corp.*, 522 F.Supp. 835, 840 (W.D.Mo.1981) ................................................................................ 5

*Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)................................................ 8

*Terry v Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010)............................. 12

*Thompson v. Galles Chevrolet Co.*, 807 F.2d 163, 166 (10th Cir.1986) ................ 5

*Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 975 (7th Cir. 2004)............................................................................................ 3

*Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)............................... 2, 9

*Wright v. Family Dollar*, No. 10-C-4410, 2010 WL 4962838, at *1 (N. D. Ill. Nov. 30, 2010) .................................................................. 1, i, 7

*Young v Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) ................ 16

**Statutes**

15 U.S.C. § 1691(d)................................................................... 4, 5, 9, 10

15 U.S.C. 1691 ........................................................................ v, vi, 1

15 U.S.C. 1691e........................................................................ 12

**Other Authorities**

*Federal Practice and Procedure* § 1785................................................. 8

Moore's Federal Practice § 56.30[4] (3d ed. 1998) ............................... 2, 9

Moore's Federal Practice ¶ 23.80[1] (3d ed. 2013) ................................................. 13

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................................... vi, 6

Fed. R. Civ. P. 12(f) .............................................................................................. vi, 7

Fed. R. Civ. P. 23 ........................................................................................ vi, 8, 11, 14

## STATEMENT OF ISSUES PRESENTED

1.     Whether Plaintiff's claim that Defendants violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. 1691, *et seq.*, should be dismissed when Plaintiff's conclusory and formulaic allegations regarding the supposed failure to send her adverse action notices required by ECOA are belied by the actual notices sent to Plaintiff?

2.     Whether Plaintiff's class allegations should be stricken because the classes identified by Plaintiff are not supported by factual allegations sufficient to satisfy the requirements for certification and, furthermore constitute impermissible failsafe classes that cannot be defined until the case is resolved on its merits?

Plaintiff answers, "No."

Defendants answer, "Yes."

This Court should answer, "Yes."

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

Defendants rely upon the Equal Credit Opportunity Act, 15 U.S.C. 1691, *et seq.*, Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(f) and Fed. R. Civ. P. 23, and the authorities cited in their Brief.

## INTRODUCTION

Plaintiff, on behalf of a putative class, alleges that defendants Citibank, N.A., successor in interest to Citibank (South Dakota), N.A., wrongly named as Citigroup, Inc. ("Citibank"), The Home Depot ("Home Depot") and Sears, Roebuck and Co. ("Sears") (collectively, "Defendants") violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. 1691, *et seq*., by purportedly failing to provide her with written adverse action notices after denying Plaintiff's requests for credit.  Plaintiff's conclusory and formulaic allegations are insufficient to state a claim, particularly when the actual adverse action notice letters (which are attached to this Motion and can properly be considered on a motion to dismiss) were sent to Plaintiff.  Therefore, Plaintiff fails to state a claim upon which relief can be granted.  Further, Plaintiff lacks standing to bring this claim because she fails to identify an injury-in-fact.

In addition, the classes that Plaintiff purports to represent are not supported by factual allegations sufficient to meet the requirements for class certification. The cursory allegations in the Complaint demonstrate that individual issues will predominate (including Plaintiff's own circumstance, where Defendants sent the adverse action letters).  (*See* Exhibits 1 and 2.)  Plaintiff also improperly seeks to certify impermissible failsafe classes.  As alleged by Plaintiff, the alleged "classes"

cannot actually be identified until the case is resolved on its merits.  Therefore, Plaintiff's class allegations should be stricken, or mooted because her claim fails.

## PLAINTIFF'S COMPLAINT

Plaintiff Cynthia Archer-Gift ("Plaintiff") admits she applied for credit at Home Depot on February 11, 2014 and was verbally informed that she was denied credit for the purchase of a washing machine.  (DE 1, PgID 2-3.)  She claims that Home Depot Credit Services sent her a letter on February 14, 2014 "stating that the credit center was unable to complete processing of her application, and that she would receive a written notification within 7-10 days with the results of her credit review."  (DE 1, PgID 2-3.)  Although she claims she never received that written notification, the adverse action sent to Plaintiff on February 27, 2014 is attached as Exhibit 1.[1]

Plaintiff also admits she applied for credit at Sears, on July 5, 2013 and was verbally informed that she was denied credit for the purchase of a stove.  (DE 1,

---

[1] A document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim[.]"  *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.30[4] (3d ed. 1998)).  For example, in contract cases, "if the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings.  *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)).  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document . . . ."  *Weiner*, 108 F.3d at 89.  Because Plaintiff's Complaint is based on Defendants' alleged failure to send adverse action notices as required by the ECOA, and proper adverse action notices were sent, the notices attached as Exhibits 1 and 2 should be considered a part of the pleadings.

2

PgID 3-4.)  Although Plaintiff claims that Sears and Citibank failed to send her an adverse action notice following the rejection of the credit application, the adverse action letter sent to Plaintiff on July 6, 2013 is attached as Exhibit 2.[2]  Plaintiff alleges, in a conclusory manner without any support, that it is the practice and policy of all Defendants to fail to send adverse action notices when required.  (DE 1, PgID 3-4.)

Plaintiff brings only one count entitled "Class Claims Under ECOA," alleging that Defendants have violated the ECOA and "have inadequate policies or procedures in place to comply with the ECOA's adverse action notice requirements."  (DE 1, PgID 7.)  Plaintiff proposes to represent all persons in Michigan who applied to either Home Depot or Sears for credit to whom Home Depot and Sears did not provide an ECOA adverse action notice after Citibank did not offer them credit.  (DE 1, PgID 5 and 6.)  For the reasons stated below, Plaintiff fails to state a claim upon which relief can be granted and the purported classes constitute impermissible "failsafe" classes.

## THE ECOA

The ECOA was originally enacted in 1974 to prohibit discrimination in credit transactions. *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 975 (7th Cir. 2004). The Act's principal purpose is "to eradicate

---

[2] See FN 1.

3

discrimination against women, especially married women whom creditors traditionally refused to consider for individual credit." *Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 771 (6th Cir. 2005) (citation and internal punctuation omitted).

An ECOA claim requires that a creditor take an "adverse action" against the plaintiff. 15 U.S.C. § 1691(d). The ECOA defines "adverse action" as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." *Id*. § 1691(d)(6). The statute was amended in 1976 to require creditors to furnish written notice of the specific reasons why an adverse action was taken against a consumer. *See Fischl v. General Motors Acceptance Corp.*, 708 F.2d 143 (5th Cir. 1983); 15 U.S.C. § 1691(d)(2), (3).

A credit denial is referred to as an "adverse action" under the ECOA. 15 U.S.C. § 1691(d)(6). A written letter informing an applicant that credit has been denied is referred to as an "adverse action notice." With regard to the content of adverse action notices, Section 1691(d) of the ECOA provides as follows:

> (1) Within thirty days (or such longer reasonable time as specified in regulations of the Board for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action

from the creditor. A creditor satisfies this obligation by
—

(A) providing statements of reasons in writing as a matter
of course to applicants against whom adverse action is
taken; or

(B) giving written notification of adverse action which
discloses (i) the applicant's right to a statement of
reasons within thirty days after receipt by the creditor of
a request made within sixty days after such notification,
and (ii) the identity of the person or office from which
such statement may be obtained. Such statement may be
given orally if the written notification advises the
applicant of his right to have the statement of reasons
confirmed in writing on written request.

(3) A statement of reasons meets the requirements of this
section if it contains the specific reasons for the adverse
action taken.

15 U.S.C. § 1691(d). When a creditor takes an adverse action against an applicant

without giving the required notice, and the applicant suffers damages from the lack

of notice, the applicant may sue for a violation of ECOA. *Id*. § 1691e ("Any

creditor who fails to comply with any requirement imposed under this subchapter

shall be liable to the aggrieved applicant for any actual damages sustained by such

applicant"); *see also Thompson v. Galles Chevrolet Co.*, 807 F.2d 163, 166 (10th

Cir.1986) (quoting *Sayers v. Gen. Motors Acceptance Corp.*, 522 F.Supp. 835, 840

(W.D.Mo.1981)).

## STANDARD OF REVIEW

This Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), which authorizes this Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]"  In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief."  *G.M. Eng'rs and Assoc., Inc. v. West Bloomfield Township*, 922 F.2d 328, 330 (6th Cir. 1990).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and modifications omitted).

It is well-established that a claimant must "allege a factual predicate concrete enough to warrant further proceedings . . . ." *Foundation For Interior Design Educ. Res. v. Savannah College of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001).  A properly pleaded complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*. (internal quotations omitted).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations and citations omitted).

Therefore, a plaintiff must do more than allege bare conclusions of law, and the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Moreover, a court is "not bound by allegations that are clearly unsupported and unsupportable[.] [A court] should not accept as true allegations that are in conflict with facts judicially known to the Court . . . ." *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123 (6th Cir. 1971).

A motion to strike class allegations arises under Fed. R. Civ. P. 12(f), and 23(d)(1)(D), which permit, respectively, a court to "strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter" and to issue orders that "require that the pleadings be amended to eliminate allegations about the representations of absent persons [.]" *See Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 537 (E.D. Mich. 2015). Accordingly, a motion to strike class allegations is "an appropriate device to determine whether the case will proceed as a class action." *Wright v. Family Dollar*, No. 10-C-4410, 2010 WL 4962838, at *1 (N. D. Ill. Nov. 30, 2010) (granting motion to strike class

allegations) (Exhibit 3.).  Fed. R. Civ. P. 23(c)(1)(A) instructs courts to determine the class certification issue "[a]t an early practicable time" in the litigation. Either plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)." 7AA Charles Allen Wright et al., *Federal Practice and Procedure* § 1785; *see also, e.g., Pilgrim et al. v. Universal Health Card et al.,* 660 F.3d 943, 944 (6th Cir. 2011) (holding that an early motion to strike class allegations was not premature where no discovery would alter the central defect in the class claim).

## ARGUMENT

## I.   Plaintiff Cannot Allege Facts Sufficient To State A Claim

Plaintiff admits that she applied for credit at Home Depot and at Sears, and that her credit applications were declined.  (DE 1, PgID 2-4.)  She claims that Defendants[3] failed to issue her any adverse action notices as required by ECOA. (*Id.* at PgID 3-4.)  Plaintiff then summarily concludes, without any supporting allegations, that "Defendants have inadequate policies or procedures in place to comply with the ECOA's adverse action notice requirements."  (*Id.* at PgID 3-4.)

Plaintiff does not – and cannot – allege facts sufficient to state a claim for violation of the ECOA.  Plaintiff admits she applied for credit at Home Depot on

---

[3] As noted above, neither Home Depot nor Sears are "creditors" under the ECOA, and the only allegations in the Complaint regarding their status as "creditors" are the type of bare assertions of legal conclusions that fail to withstand a motion to dismiss.  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

February 11, 2014 and was verbally informed that she was denied credit. (*Id*. at PgID 2.) She further admits that Home Depot Credit Services sent her a letter on February 24, 2014 stating that "the credit center was unable to complete processing of her application, and that she would receive a written notification within 7-10 days with the results of the credit review." (*Id*. at PgID 3.) That adverse action letter was sent on February 27, 2014. (Exhibit 1.[4])

Plaintiff does not, and cannot, make any allegation that the February 27, 2014 letter did not comply fully with the ECOA's requirements.[5] The letter was sent within thirty days of Plaintiff's credit application and provides specific reasons in writing why Plaintiff was denied credit. 15 U.S.C. § 1691(d).

Plaintiff also admits she applied for credit at Sears on July 5, 2013 and was verbally informed that she was denied credit. (*Id*. at PgID 3-4.) Just like Plaintiff's Home Depot application, an adverse action letter was sent to Plaintiff,

---

[4] A document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim[.]" *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed. 1998)). For example, in contract cases, "if the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document . . . ." *Weiner*, 108 F.3d at 89. Because Plaintiff's Complaint is based on Defendants' alleged failure to send adverse action notices as required by the ECOA, and she was sent proper notices, the notices attached as Exhibits 1 and 2 should be considered a part of the pleadings.

[5] As part of the requisite meet and confer process, Defendants presented Plaintiff's counsel with the adverse action letters attached to this Motion, but Plaintiff's counsel refused to withdraw the case.

dated July 6, 2013.  (Exhibit 2.)  Once again, Plaintiff cannot argue that the July 6, 2013 letter complied fully with ECOA's requirements.  The letter was sent within thirty days of Plaintiff's credit application and provides specific reasons in writing why Plaintiff was denied credit.  15 U.S.C. § 1691(d).

A court is not bound by allegations that are clearly unsupported and unsupportable.  *Blackburn*, 443 F.2d at 123.  Plaintiff was sent adverse action notices that complied fully with the ECOA's requirements.  Therefore, Plaintiff's conclusory allegation that "Defendants have inadequate policies or procedures in place to comply with the ECOA's adverse action notice requirements" is both unsupported and unsupportable.  Such a conclusory statement is improper and cannot defeat a motion to dismiss when unsupported by any factual allegations. "[A court] should not accept as true allegations that are in conflict with facts judicially known to the Court . . . ."  *Id.*  Plaintiff's allegations are exactly the type of unsupported conclusory statements that require dismissal under *Twombly*. Plaintiff's Complaint should be dismissed.

## II.   Plaintiff Lacks Standing To Bring This Claim

A court has subject matter jurisdiction over a case only if the plaintiff has standing under Article III of the Constitution, which requires (1) an injury-in-fact (2) caused by defendant's conduct (3) that can be redressed by the equitable relief requested.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  As the

Sixth Circuit has explained, "Article III's 'case and controversy' requirement is not satisfied, and a court therefore has no jurisdiction, when the claimant lacks standing, that is, 'a sufficiently concrete and redressable interest in the dispute.'" *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009) (citation omitted).

Plaintiff lacks standing to bring this claim.   First, Plaintiff fails to even allege an injury in fact.   Even if the adverse action notices were not provided to Plaintiff (which they were), Plaintiff fails to identify how she was injured by Defendants' purported failure to act.   Instead, she claims only:

> 34.   This complaint seeks monetary damages under Fed. R. Civ. P. 23(b)(3).
>
> 37(c). Mrs. Archer-Gift has suffered similar injuries to the members of the classes she seeks to represent through this action.

(DE 1, PgID 6.)   Plaintiff fails to identify how she, or the purported class members, were injured by Defendants' alleged failure to provide adverse action notices. Further, Plaintiff fails to seek equitable relief to redress the unidentified injury. She asks only that the Court award her "damages, as allowed by law" and "attorneys' fees and costs."

Federal courts have held that plaintiffs must prove actual damages for an ECOA violation and injury cannot be assumed. *Anderson v. United Finance Co.*,

66 F.2d 1274, 1278 (9th Cir. 1982)[6]; *see also* 15 U.S.C. 1691e ("Any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any *actual damages* sustained by such applicant.") (emphasis added).

Plaintiff's failure to allege that she has suffered actual damages as a result of Defendants' alleged conduct is fatal to her claim.  Simply alleging in a conclusory and speculative manner that "Mrs. Archer-Gift has suffered similar injuries to the members of the classes she seeks to represent," without identifying what those injuries are, is not enough to withstand a motion to dismiss.  *See Twombly*, 550 U.S. at 555 (2007); *see also Terry v Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010).   Simply alleging that Defendants have inadequate policies in place to comply with ECOA is insufficient under *Twombly* as well.  Plaintiff's unsupported claims should be dismissed.

## III.   The Class Allegations Must Be Stricken

Even if the Court finds that Plaintiff has standing to bring this suit, the Court should still strike Plaintiff's class allegations.

Plaintiff asks the court to certify two classes of individuals: 1) all persons in the state of Michigan who applied to Home Depot for a store credit account within the preceding two years to whom Home Depot and Citibank did not offer credit

---

[6] Although attorneys' fees are also available under ECOA, they are only available for a successful action. 15 U.S.C. § 1691e(d).

and to whom Home Depot did not provide an ECOA adverse action notice; and 2) all persons in the state of Michigan who applied to Sears for a store credit account within the preceding two years to whom Sears did not offer credit and to whom Sears did not provide an ECOA adverse action notice. (DE 1, PgID 5-6.) A plaintiff bringing a case as a class action bears the burden of alleging and proving that class certification is appropriate under Rule 23 by demonstrating that all four prerequisites of Rule 23(a) and at least one of the requirements of Rule 23(b) are satisfied. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2007). This burden of proof exists even at the pleading stage. A plaintiff may not turn a lawsuit into a class action simply by designating it as a class action in the pleadings. James Wm. Moore et al., Moore's Federal Practice ¶ 23.80[1] (3d ed. 2013). A plaintiff bringing a class action lawsuit is "obligated in its complaint to allege facts bringing the actions with the appropriate requirements" of Rule 23. *Cook County Teachers Union, Local 1600 v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972). Plaintiff fails to do that here, and her class allegations should be stricken.

### A. Plaintiff's class allegation should be stricken because she is not a member of the purported Sears class and her Complaint fails to state a claim upon which relief can be granted.

As an initial matter, Plaintiff's class allegations are improper because she is not a member of the second class. She admits she applied for credit from Sears in July 2013, more than two years before she filed this complaint in December 2015.

(*Id*. at PgID 3.)  Therefore, Plaintiff's request for class certification of the second class - a class whose members applied for credit in the past two years - must be denied.

Second, as stated above, Plaintiff fails to state a claim under the ECOA upon which relief can be granted, and consequently, her Complaint should be dismissed and her request for class certification mooted.

### B.  Plaintiff's proposed class definition requires the Court to conduct individual inquiries regarding each proposed class member in order to determine class membership.

Even if the Court does not dismiss the instant claims, which it should, those claims are not appropriate for class certification under Federal Rule of Civil Procedure 23 ("Rule 23").  Rule 23 sets forth the prerequisites and additional requirements for certifying a class.  The prerequisites are as follows: 1) the class is so numerous that joinder of all class members is impracticable; 2) there are questions of law and fact common to the class; 3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and 4) the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23.  Even if the proposed class meets these prerequisites, the action can be maintained as a class action only if the class also meets one of three additional criteria under Rule 23(b)(3).

Plaintiff alleges that her proposed classes meet the additional criteria set forth in Rule 23(b)(3), which requires that "the question of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Plaintiff claims that the members of the proposed classes have been harmed by Defendants' alleged failure to provide adverse action notices. Plaintiff, however, does not – and cannot – allege facts sufficient to meet the prerequisites to class certification. Plaintiff's conclusory allegations fail to show that the essential questions of fact needed to establish liability are common to the class.  To the contrary, and fatal to Plaintiff's claims, individual questions of fact would predominate over any common questions of law and fact.[7]

Specifically, in order to decide whether any individual is a member of the purported class, the Court would need to examine, on a case-by-case basis, whether a complete application for credit was provided by each potential class member, whether the purported class member was denied credit, whether the alleged class member was provided an adverse action notice, whether the notice was timely, and whether the purported class member suffered damages.  Additionally, based on Plaintiff's allegations, Plaintiff's own claims are likely to be atypical of the class,

_____

[7] Defendants do not concede the other prerequisites can be met, but simply do not address the other prerequisites in this motion.

since Defendants are able to demonstrate she was sent adverse action notices as required by the ECOA.

Furthermore, there is no allegation suggesting that Defendants have acted or refused to act on grounds generally applicable to the proposed classes. In other words, Plaintiff has not made any factual allegations to support her conclusion that Defendants do not provide credit applicants with adverse action notices as a matter of general practice. Because the court will not be able to identify class members without addressing the merits of each individual's claim, Plaintiff's class allegations should be stricken.

### C.     Plaintiff's proposed class definition constitutes a "fail safe" class.

Finally, Plaintiff's class allegations should be stricken for the additional reason that the suggested classes constitute impermissible "failsafe" classes. "[A] class definition is impermissible where it is a 'fail-safe' class, that is, a class that cannot be defined until the case is resolved on its merits." *Young v Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012) (citing *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). A failsafe class, by its nature, "includes *only* those who are *entitled* to relief." *Young*, 693 F.3d at 538 (emphasis in original). "Such a class is prohibited because it would allow putative class members to seek a remedy but not be bound by an adverse judgment—either

16

those 'class members win or, by virtue of losing, they are not in the class' and are not bound." *Id.* (quoting *Randleman,* 646 F.3d at 352).

In *Lindsay Transmission, LLC v. Office Depot, Inc.*, Case No. 12–cv–221, 2013 WL 275568 (E.D. Mo. Jan. 24, 2013) (Exhibit 3), the plaintiff sought to certify a nationwide class defined as:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendant does not have an established business relationship and (5) which did not display a proper opt out notice.

*Lindsay Transmission, LLC,* 2013 WL 275568, at *3.  And in *Olney v. Job.com, Inc.*, Case No. 12–cv–01724, 2013 WL 5476813 (E.D. Cal. Sept. 30, 2013) (Exhibit 4), plaintiff sought to certify a nationwide class defined as:

> All persons within the United States who received any telephone call from Defendant to said person's cellular telephone made through the use of any automated telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

*Olney,* 2013 WL 5476813, at *10.  In both cases, the courts found that the classes consisted "solely of persons who can establish that defendant violated the TCPA," and struck the classes. *Lindsay Transmission, LLC,* 2013 WL 275568, at *4; *see also Olney,* 2013 WL 5476813, at *11 (holding that "defining the class to include

anyone who received such a call without prior express consent means that only those potential members who would prevail on this liability issue would be members of the class."). In *Boyer v. Diversified Consultants*, 306 F.R.D. 536 (E.D. Mich. 2015), plaintiff tried to avoid dismissal by defining a proposed class as those individuals who did not provide a telephone number to defendant, but were still called by defendant, rather than defining the class as individuals who had not provided consent. Plaintiff argued that his class definition was proper because he did not define the class based on the issue of consent, on the objective fact of consent, which would be established through discovery. *Boyer*, 306 F.R.D. at 540. The court rejected this argument and granted defendant's motion to strike class allegations.

Like the classes in *Lindsey, Olney* and *Boyer*, Plaintiff's proposed classes here are impermissible failsafe classes. They consist of members who applied for credit, were declined, and did not receive adverse action notices. Therefore, they consist only of individuals who would be entitled to relief under the ECOA (assuming they, unlike Plaintiff, can identify actual damages and that Defendants did not issue an adverse action notice). This is not a proper class definition and Defendants' motion to strike the class allegations should be granted.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendants respectfully request this Court to (i) enter an Order in their favor dismissing Plaintiff's Complaint with prejudice; (ii) enter an Order striking the class allegations as moot, or alternatively, if the Court does not dismiss the Complaint, enter an Order striking the class allegations, and (iii) award Defendants their costs and fees, incurred in having to defend this action.

Respectfully submitted,
DICKINSON WRIGHT PLLC

/s/ KJ Miller
K. J. Miller (P62014)
*Attorneys for Defendants*
350 S. Main St. Suite 300
Ann Arbor, MI 48104
(734) 623-1610
Fax: (734) 623-1625
kjmiller@dickinsonwright.com

Date: March 10, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 10, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the online file and service system; which will send notification to all counsel of record electronically.

By: /s/ KJ Miller           
KJ Miller (P62014)

ANNARBOR 58350-146 207217v5